Judge: Christopher M. Alston
Chapter: 13
Hearing Date: November 08, 2018
Hearing Time: 9:30 am
Hearing Location: Judge Alston's Courtroom
700 Stewart St #7206
Seattle, WA 98101-8101

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

JACK CARLTON CRAMER, JR,

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 18-13383

TRUSTEE'S OBJECTION TO CONFIRMATION

The Trustee objects to confirmation of the debtor's plan, filed September 14, 2018 (ECF No. 12) as follows:

The debtor has failed to make plan payments and is delinquent $6,000.00.

The debtor did not file tax returns. 11 U.S.C. §§ 1307, 1308.

The debtor's case was filed on August 29, 2018 (ECF No. 1). The debtor disclosed an ownership interest in real property located at 15605 63rd Avenue, Kenmore, WA 98028 (ECF No. 10, Schedule A/B). The debtor listed a total fair market value of $575,000.00 for this property, but also disclosed the current value of his interest in this property as $410,000.00 (ECF No. 10, Schedule A/B). The debtor scheduled two secured judgment liens on Schedule D totaling $35,843.40. In addition to these judgment liens, the IRS has filed a secured claim for $55,514.39, and it also appears that the debtor is delinquent on the property taxes for this property in the amount of approximately $22,148.09. The debtor's plan (ECF No. 12) fails to provide for treatment of the secured judgment liens, the IRS secured claim, and the King County property taxes (ongoing or arrears). 1) The above delinquency includes the October 2018 plan payment, which was due by October 29, 2018. Although a wage directive has been issued to the debtor's employer, the debtor is responsible for making direct payments to the Trustee until the wage deduction takes effect. To date, the Trustee has not received a plan payment from the debtor. 2) According to the Internal Revenue Service (ECF Claim No. 5), the debtor has failed to file tax returns for the 2014, 2015, 2016 and

TRUSTEE'S OBJECTION TO CONFIRMATION - 1

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

CM161
ams

Case 18-13383-CMA    Doc 22    Filed 11/01/18    Ent. 11/01/18 08:21:29    Pg. 1 of 3

2017 tax years. The debtor needs to file these returns so that the IRS can amend its claim, and in order for the Trustee to more accurately determine feasibility. 3) The debtor has failed to provide the Trustee with the documentation required by Local Bankruptcy Rule 4002-1 and 11 U.S.C. § 521. The debtor needs to provide these required documents to the Trustee at least seven days prior to the continued 341 meeting of creditors, which is scheduled for November 19, 2018 at 8:30 a.m. 4) The debtor needs to appear at the continued 341 meeting of creditors, scheduled for November 19, 2018 at 8:30 a.m. 5) It does not appear that the debtor's plan (ECF No. 12) was served on creditors. The debtor needs to note an amended plan for hearing, and file a proof of service with the Court verifying that creditors received notice of the debtor's amended plan. 6) The debtor's plan (ECF No. 12) is not feasible. 7) Section I.C. of the plan provides that the plan avoids a security interest or lien, but that is incorrect. Moreover, even if the debtor intended to avoid a security interest or lien through the plan confirmation process, the debtor did not comply with Local Bankruptcy Rule 3015-1(g) (Request to Avoid a Judicial Lien or Security Interest in a Plan under 11 U.S.C. § 522(f)). The debtor needs to amend Section I.C. of the plan to provide that the plan does not avoid a security interest or lien. 8) The debtor needs to amend the plan to provide for payment of the secured judgment liens through the plan (i.e. the Trustee shall make the payments on these liens from the debtor's plan payments). Local Bankr. R. 3015-1(j). 9) The debtor needs to amend the plan to provide for the IRS secured claim of $55,514.39 within Section IV.C.1., including 5% interest. 10) The debtor needs to amend the plan to provide for payment of the property taxes (both ongoing and arrears) through the plan (i.e. the Trustee shall make the payments on the property taxes from the debtor's plan payments). Local Bankr. R. 3015-1(j). Based on the property tax statement obtained from King County, the debtor is delinquent on the property taxes in the amount of approximately $22,148.09. The debtor needs to amend the plan to provide for the ongoing property taxes and property tax arrears, including 12% interest, in Section IV.C.1. 11) The debtor needs to amend the plan to provide for payment of the financed 2007 Chevy Silverado through the plan (i.e. the Trustee shall make the vehicle payments from the debtor's plan payments). Local Bankr. R. 3015-1(j). 12) The debtor's plan

TRUSTEE'S OBJECTION TO CONFIRMATION - 2

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

Case 18-13383-CMA    Doc 22    Filed 11/01/18    Ent. 11/01/18 08:21:29    Pg. 2 of 3

provides for the following language in Section III.E.: "I will obtain a reverse mortgage within the next 60 days and pay off 100% of my debts." The debtor needs to amend the plan to remove the language from Section III.E. Any nonstandard provisions shall be included in Section X. Local Bankr. R. 3015-1(b). If the debtor adds any nonstandard provisions to Section X., the debtor will also need to amend the plan, Section I.A., for accuracy. 13) The debtor's plan (ECF No. 12) is largely incomplete, and the debtor failed to complete Sections IV.E. and IX. of the plan (among others). All appropriate blanks on the form shall be completed. Local Bankr. R. 3015-1(b). 14) Based on the debtor's scheduled, nonexempt assets (ECF No. 10), the debtor needs to amend the plan to provide for a liquidation value of $362,850.00 in Section IX. 15) This liquidation value will exceed the debtor's scheduled, unsecured debt, so the debtor will need to provide for the federal judgment interest rate of 2.46% in Section IX. Unsecured claims are entitled to interest at the federal judgment rate when the bankruptcy estate is solvent. Onink v. Cardelucci (In re Cardelucci), 285 F.3d 1231, 1234 (9th Cir. 2002). 16) The debtor needs to amend Schedule J to remove the property tax expense of $558.33/month and the vehicle payment of $550.00/month, as these obligations will be paid through the debtor's plan. 17) The debtor needs to amend Schedule A/B for accuracy regarding the value of the debtor's interest in the 15605 63rd Avenue property in Kenmore, as it appears that the value of the debtor's interest in this property is understated on Schedule A/B. The Trustee reserves the right to assert additional bases for this Objection, as the Trustee has not yet conducted the debtor's 341 meeting of creditors.

THE TRUSTEE REQUESTS:

That the Court enter an order denying confirmation of the debtor's plan, and setting deadlines for filing and noting a feasible amended plan.

Dated: November 01, 2018

/s/ Jason Wilson-Aguilar
Jason Wilson-Aguilar, WSBA #33582
Chapter 13 Trustee

CM161
ams

TRUSTEE'S OBJECTION TO CONFIRMATION - 3

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

Case 18-13383-CMA    Doc 22    Filed 11/01/18    Ent. 11/01/18 08:21:29    Pg. 3 of 3