Judge: Christopher M. Alston
Chapter: 13
Hearing Date: December 13, 2018
Hearing Time: 9:30 a.m.
Hearing Location:
    Judge Alston's Courtroom
    700 Stewart St #7206
    Seattle, WA 98101
Response Date: December 06, 2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

JACK CARLTON CRAMER, JR,

    Debtor(s).

IN CHAPTER 13 PROCEEDING
NO. 18-13383-CMA

MOTION TO CONVERT CHAPTER 13 CASE TO A CHAPTER 7 CASE

    Jason Wilson-Aguilar, Chapter 13 Trustee, moves to convert the debtor's Chapter 13 case to a Chapter 7 case.

    The debtor's case was filed on August 29, 2018 (ECF No. 1). The debtor disclosed an ownership interest in real property located at 15605-62rd Avenue NE, Kenmore, WA 98028 (ECF No. 10, Schedule A/B). Based on the debtor's scheduled, non-exempt assets (ECF No. 10), the debtor's plan (ECF No. 12) should provide for a liquidation value of $362,850.00 in Section IX. Based on this liquidation value, it appears that there is sufficient equity in the debtor's real property to pay the debtor's unsecured creditors in full.

    The Court may convert this case to a Chapter 7 case or dismiss this case, whichever is in the best interests of creditors and the estate, for cause. 11 U.S.C. § 1307(c). This case should be converted to Chapter 7 so that a Chapter 7 trustee can review the case and promptly liquidate any non-exempt assets for the benefit of creditors. Creditors should not be prejudiced by the delay that would result if this case remains a Chapter 13 case.

    The debtor also has a number of confirmation issues that need to be addressed. The Trustee has addressed the below confirmation issues in the Trustee's Objection to Confirmation (ECF No. 22).

MOTION TO CONVERT - 1

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 18-13383-CMA    Doc 27    Filed 11/06/18    Ent. 11/06/18 07:25:34    Pg. 1 of 4

1) The debtor is delinquent on plan payments in the amount of $6,000.00. This delinquency figure includes the October 2018 plan payment, which was due by October 29, 2018. Although a wage directive has been issued to the debtor's employer, the debtor is responsible for making direct payments to the Trustee until the wage deduction takes effect. To date, the Trustee has not received a plan payment from the debtor.

2) According to the Internal Revenue Service (ECF Claim No. 5), the debtor has failed to file tax returns for the 2014, 2015, 2016 and 2017 tax years. The debtor needs to file these returns so that the IRS can amend its claim, and in order for the Trustee to more accurately determine feasibility. 11 U.S.C. §§ 1307, 1308.

3) The debtor has failed to provide the Trustee with the documentation required by Local Bankruptcy Rule 4002-1 and 11 U.S.C. § 521. The debtor needs to provide these required documents to the Trustee at least seven days prior to the continued 341 meeting of creditors, which is scheduled for November 19, 2018 at 8:30 a.m.

4) The debtor needs to appear at the continued 341 meeting of creditors, scheduled for November 19, 2018 at 8:30 a.m.

5) It does not appear that the debtor's plan (ECF No. 12) was served on creditors. The debtor needs to note an amended plan for hearing, and file a proof of service with the Court verifying that creditors received notice of the debtor's amended plan.

6) The debtor's plan (ECF No. 12) is not feasible.

7) Section I.C. of the plan provides that the plan avoids a security interest or lien, but that is incorrect. Moreover, even if the debtor intended to avoid a security interest or lien through the plan confirmation process, the debtor did not comply with Local Bankruptcy Rule 3015-1(g) (Request to Avoid a Judicial Lien or Security Interest in a Plan under 11 U.S.C. § 522(f)). The debtor needs to amend Section I.C. of the plan to provide that the plan does not avoid a security interest or lien.

8) The debtor needs to amend the plan to provide for payment of the secured judgment liens through the plan (i.e. the Trustee shall make the payments on these liens from the debtor's plan payments). Local Bankr. R. 3015-1(j).

MOTION TO CONVERT - 2

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 18-13383-CMA    Doc 27    Filed 11/06/18    Ent. 11/06/18 07:25:34    Pg. 2 of 4

9) The debtor needs to amend the plan to provide for the IRS secured claim of $55,514.39 within Section IV.C.1., including 5% interest.

10) The debtor needs to amend the plan to provide for payment of the property taxes (both ongoing and arrears) through the plan (i.e. the Trustee shall make the payments on the property taxes from the debtor's plan payments). Local Bankr. R. 3015-1(j). Based on the property tax statement obtained from King County, the debtor is delinquent on the property taxes in the amount of approximately $22,148.09. The debtor needs to amend the plan to provide for the ongoing property taxes and property tax arrears, including 12% interest, in Section IV.C.1.

11) The debtor needs to amend the plan to provide for payment of the financed 2007 Chevy Silverado through the plan (i.e. the Trustee shall make the vehicle payments from the debtor's plan payments). Local Bankr. R. 3015-1(j).

12) The debtor's plan provides for the following language in Section III.E.: "I will obtain a reverse mortgage within the next 60 days and pay off 100% of my debts." The debtor needs to amend the plan to remove the language from Section III.E. Any nonstandard provisions shall be included in Section X. Local Bankr. R. 3015-1(b). If the debtor adds any nonstandard provisions to Section X., the debtor will also need to amend the plan, Section I.A., for accuracy.

13) The debtor's plan (ECF No. 12) is largely incomplete, and the debtor failed to complete Sections IV.E. and IX. of the plan (among others). All appropriate blanks on the form shall be completed. Local Bankr. R. 3015-1(b).

14) Based on the debtor's scheduled, nonexempt assets (ECF No. 10), the debtor needs to amend the plan to provide for a liquidation value of $362,850.00 in Section IX.

15) This liquidation value will exceed the debtor's scheduled, unsecured debt, so the debtor will need to provide for the federal judgment interest rate of 2.46% in Section IX. Unsecured claims are entitled to interest at the federal judgment rate when the bankruptcy estate is solvent. Onink v. Cardelucci (In re Cardelucci), 285 F.3d 1231, 1234 (9th Cir. 2002).

16) The debtor needs to amend Schedule J to remove the property tax expense of $558.33/month and the vehicle payment of $550.00/month, as these obligations will be paid through the debtor's plan.

MOTION TO CONVERT - 3

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 18-13383-CMA    Doc 27    Filed 11/06/18    Ent. 11/06/18 07:25:34    Pg. 3 of 4

17) The debtor needs to amend Schedule A/B for accuracy regarding the value of the debtor's interest in the 15605 63rd Avenue property in Kenmore, as it appears that the value of the debtor's interest in this property is understated on Schedule A/B.

The Trustee reserves the right to assert additional bases for this motion, as the Trustee has not yet conducted the debtor's 341 meeting of creditors.

WHEREFORE, the Chapter 13 Trustee requests that the Court convert the debtor's Chapter 13 case to a Chapter 7 case and order the debtor to pay the conversion fee (if any).

Dated this 6th day of November, 2018

*/s/ Anna M. Park*, WSBA #42633 for
JASON WILSON-AGUILAR
Chapter 13 Trustee

MOTION TO CONVERT - 4