Eleanor A. DuBay, WSBA #45828  
Tomasi Salyer Martin  
121 SW Morrison Street, Suite 1850  
Portland, Oregon 97204  
Telephone: (503) 894-9900  
Email: edubay@tomasilegal.com  

Attorneys for Creditor 21st Mortgage Corporation

Judge: Christopher M. Alston  
Chapter: 13  
Location: Seattle  
Hearing Date: December 13, 2018  
Hearing Time: 9:30 a.m.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

In re

JACK C. CRAMER, JR.,

Debtor.

Case No. 18-13383-CMA

CREDITOR 21ST MORTGAGE CORPORATION'S OBJECTION TO CONVERT CHAPTER 13 CASE TO A CHAPTER 7 CASE

21st Mortgage Corporation ("21st"), by and through counsel, hereby objects to the Trustee's Motion to Convert Chapter 13 Case to a Chapter 7 Case [Doc 27] (the "Motion"). Specifically, 21st objects to conversion and requests that the court dismiss this case pursuant to 11 U.S.C. § 1307(c). In support of its objection, 21st states the following:

**I.     BACKGROUND**

21st is a creditor of Debtor having a claim in the total amount of $40,710.68, plus interest at the fixed rate of 12.0% per annum, which claim is secured by a judgment lien on Debtor's real property, as set forth in 21st's Objection to Confirmation of Plan [Doc 20]. 21st's claim arises out of a Judgment for Money Owed entered in King County Superior Court Case No. 15-2-21512-4 SEA on July 14, 2016 against Debtor and in favor of 21st, which Judgment was recorded on August 2, 2016 in the King County, Washington records under Auditor's File No. 20160802000179. 21st has also filed a Proof of Claim setting forth the total amount due under the Judgment [Claim 4]. 21st is a party in interest in accordance with 11 U.S.C. § 1307.

Page 1 – CREDITOR 21ST MORTGAGE CORPORATION'S OBJECTION TO CONVERT CHAPTER 13 CASE TO A CHAPTER 7 CASE  
21ST-F74\00437182.000

*TOMASI SALYER MARTIN*  
121 SW Morrison Street, Suite 1850  
Portland, Oregon 97204  
Telephone: (503) 894-9900  
Facsimile: (971) 544-7236

Case 18-13383-CMA    Doc 34    Filed 12/03/18    Ent. 12/03/18 15:17:33    Pg. 1 of 5

1         A Writ of Execution to the King County Sheriff for the sale of Debtor's real property commonly known as 15605 63rd Ave. NE, Kenmore, WA 98028 (the "Property") was recorded on May 22, 2018 in the King County, Washington records under Auditor's File No. 20180522001540. On May 22, 2018, the King County Sheriff levied the Property and issued a Notice of Sale of Real Property. The execution sale was scheduled for August 31, 2018, two days prior to Debtor filing this proceeding and was undoubtedly the cause of Debtor filing for relief under the bankruptcy code.

        On November 1, 2018, the Trustee filed an Objection to Confirmation [Doc 22] noting at least 17 separate basis for denying confirmation. On November 6, 2018, the Trustee filed the Motion requesting that the Court convert the case from a Chapter 13 to a Chapter 7. The Motion contains the same 17 reasons for conversion as set forth in the Objection to Confirmation. Thereafter, on November 9, 2018, the Court entered an Order Denying Confirmation [Doc 30], which Order requires the Debtor to file an amended plan by December 7, 2018 and reschedules the confirmation hearing to January 10, 2019. The Debtor did not appear at the confirmation hearing held on November 8, 2018. In addition, after the Motion was filed, the Trustee held the rescheduled 341a Meeting of Creditors on November 19, 2018 at which the Debtor apparently did not appear. The Meeting of Creditors has been rescheduled yet again for December 17, 2018.

## II.    OBJECTION AND ARGUMENT

        21st objects to the Motion to the extent that it requests conversion of this case rather than dismissal. 11 U.S.C. § 1307 provides that the Court can dismiss a case or convert it to a Chapter 7 case, whichever is in the best interests of creditors and the estate, for cause. 11 U.S.C. § 1307(c). It appears from the records and files in this case that dismissal is in the best interests of the creditors. As noted above, it appears likely that the sole reason for Debtor filing for protection under the bankruptcy code was to stop the lawful execution sale of his Property to satisfy 21st's Judgment. This is further supported by the fact that Debtor has taken no steps to

Page 2 – CREDITOR 21ST MORTGAGE CORPORATION'S OBJECTION TO CONVERT CHAPTER 13 CASE TO A CHAPTER 7 CASE
21ST-F74\00437182.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 18-13383-CMA    Doc 34    Filed 12/03/18    Ent. 12/03/18 15:17:33    Pg. 2 of 5

1  advance this case, including failing to appear for the Meeting of Creditors and the confirmation
2  hearing, failing to make the proposed Plan payments, and failing to provide the Trustee with the
3  documentation required by local bankruptcy rules and the Code, among other things.  *See*
4  Trustee's Objection to Confirmation [Doc 22].

5  The Motion claims that Debtor's plan "should" provide for a liquidation value of
6  $362,850 which would be sufficient to pay the creditors in full.  However, the Motion also notes
7  many deficiencies and inconsistencies between Debtor's proposed plan and his schedules.
8  Indeed, the Objection to Confirmation requires that Debtor amend his schedules to make several
9  corrections, as well as providing an amended plan (due by December 7 in accordance with the
10 Court's Order Denying Confirmation).  In addition to several other items, the Trustee notes that
11 Debtor has not listed the correct value of Debtor's interest in the Property in his schedules.
12 Based on the Trustee's Motion, it is clear that it is not possible for the Court to determine that
13 conversion is in the best interests of the creditors because of the deficiencies and inaccuracies in
14 Debtor's schedules.

15 Thus, based on the forgoing, the Court should not convert the case from a Chapter
16 13 to a Chapter 7.  Rather, the Court should either dismiss this case or delay ruling on the
17 Trustee's Motion until Debtor has filed his amended plan and schedules.  And if Debtor fails to
18 file the amended documents, then the Court should dismiss this case because it could not
19 determine that conversion is in the best interest of the creditors.  If the case is dismissed, then
20 Debtor's creditors would be free to enforce their claim(s) against the sufficient assets he
21 apparently possesses and that may well be in the creditors' best interest.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Page 3 – CREDITOR 21ST MORTGAGE CORPORATION'S OBJECTION TO CONVERT CHAPTER 13 CASE TO A CHAPTER 7 CASE
21ST-F74\00437182.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 18-13383-CMA    Doc 34    Filed 12/03/18    Ent. 12/03/18 15:17:33    Pg. 3 of 5

1       WHEREFORE, 21st objects to conversion of this case and requests that the case

2 be dismissed in the best interest of the creditors.

3       Dated: December 3, 2018.

4                                        TOMASI SALYER MARTIN

5

6                               By: /s/ Eleanor A. DuBay
                                Eleanor A. DuBay, WSBA #45828
                                (503) 894-9900

7                                 edubay@tomasilegal.com
                                Of Attorneys for 21st Mortgage

8                                 Corporation

Page 4 – CREDITOR 21ST MORTGAGE CORPORATION'S OBJECTION TO CONVERT CHAPTER 13 CASE TO A CHAPTER 7 CASE
21ST-F74\00437182.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 18-13383-CMA     Doc 34     Filed 12/03/18     Ent. 12/03/18 15:17:33     Pg. 4 of 5

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 3, 2018, I served the foregoing **CREDITOR 21ST MORTGAGE CORPORATION'S OBJECTION TO CONVERT CHAPTER 13 CASE TO A CHAPTER 7 CASE** on the following individuals by electronic notification via CM/ECF as follows:

   Jason Wilson-Aguilar courtmail@seattlech13.com
   United States Trustee  USTPRegion18.SE.ECF@usdoj.gov

   The parties listed below will be served via First Class Mail to their last known address(es):

   Jack Carlton Cramer, Jr.
   15605 63rd Ave. NE
   Kenmore, WA 98028
    *Debtor, pro se*

   Dated: December 3, 2018.

           TOMASI SALYER MARTIN

           By: /s/ Eleanor A. DuBay
             Eleanor A. DuBay, WSBA #45828
             (503) 894-9900
             edubay@tomasilegal.com
             Of Attorneys for 21st Mortgage Corporation

CERTIFICATE OF SERVICE
21ST-F74\00437182.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Case 18-13383-CMA    Doc 34    Filed 12/03/18    Ent. 12/03/18 15:17:33    Pg. 5 of 5