Honorable Christopher M. Alston
Hearing date: April 5, 2019; 9:30 a.m.
Hearing Place: Room 7206, 700 Stewart Street, Seattle, WA 98101
Responses due by: March 29, 2019; by 4:30 p.m.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>JACK CARLTON CRAMER JR.,<br><br>Debtor(s). | Chapter 7<br>Bankruptcy No. 18-13383<br><br>TRUSTEE'S MOTION FOR AN ORDER DIRECTING DEBTOR TO TURN OVER PROPERTY OF THE ESTATE |

COMES NOW the duly appointed trustee, Edmund J. Wood, through counsel, The Livesey Law Firm, and Rory C. Livesey, and files this motion for an order directing the debtor, Jack C. Cramer, Jr., to turn over control of property of the estate to the trustee. Specifically, the trustee seeks an order directing the debtor to turn over the real property located at 15605 - 63rd Avenue N.E., Kenmore, Washington 98028.

## I. BACKGROUND

The debtor filed a *pro se* Chapter 13 petition on August 29, 2018. The debtor could not get a plan confirmed. The case converted to a Chapter 7 proceeding on December 17, 2018. Edmund J. Wood was appointed the Chapter 7 trustee. The Section 341 meeting of creditors was originally scheduled on January 17, 2019. The debtor failed to attend the meeting. The meeting was continued to February 21, 2019. Again the debtor did not attend. He also did not attend the March 7, 2019 meeting. As of this writing, the continued meeting is scheduled for March 28, 2019.

After the case converted to a Chapter 7 the debtor did not file conversion schedules. On January 8, 2019, the court entered an order directing the debtor to show cause why the case should

**TRUSTEE'S MOTION FOR AN ORDER
DIRECTING DEBTOR TO TURN OVER
PROPERTY OF THE ESTATE**
190314aMot Page 1

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 18-13383-CMA    Doc 65    Filed 03/15/19    Ent. 03/15/19 14:39:23    Pg. 1 of 4

1  not be dismissed for his failure to file conversion schedules (Docket No. 47). The trustee filed a
2  response to the order to show cause, requesting that the case not be dismissed (Docket No. 53). The
3  debtor failed to appear at the hearing on the order to show cause. The case was not dismissed.

4  Among the assets of the estate is the debtor's residence located at 15605 - 63rd Avenue N.E.,
5  Kenmore, Washington 98028 ("the Property"). In his Chapter 13 petition the debtor valued the
6  Property at $410,000. However, the assessed value of the Property is $563,000. *See* Declaration
7  of Rich Kim. Even at the debtor's valuation there is significant equity in the Property. Moreover,
8  based on the schedules, the total amount of secured and unsecured debt listed is less than $190,000.
9  At the debtor's valuation a sale of the Property could potentially pay the creditors in full.

10  The trustee employed Rich Kim as a real estate agent to list and market the Property.
11  Despite the agent's efforts to communicate with the debtor, he has had no success in accessing the
12  Property. *See* Declaration of Kim. The trustee has been unable to even enter the Property for the
13  purposes of a proper evaluation. The debtor's lack of cooperation with the trustee, and for the
14  proceedings in general, is inhibiting the trustee's ability to administer the estate.

15  II. LEGAL ARGUMENT

16  The debtor's residence is property of the estate. 11 U.S.C. § 541. The trustee has a duty
17  to collect and reduce to money the property of the estate. 11 U.S.C. § 704. The debtor has a duty
18  to cooperate with the trustee. Specifically, the debtor has a duty to cooperate with the trustee as
19  necessary to enable the trustee to perform his duties under the Code. 11 U.S.C. § 521(a)(3). It
20  would appear that the debtor is burying his head in the sand. He has failed to appear at the creditors'
21  meeting. He has failed to file conversion schedules. He failed to attend the show cause hearing.
22  Finally, he has failed to cooperate with the trustee. In short, he has done nothing with regard to this
23  bankruptcy proceeding.

24
25

**TRUSTEE'S MOTION FOR AN ORDER
DIRECTING DEBTOR TO TURN OVER
PROPERTY OF THE ESTATE**
190314aMot Page 2

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

1  The trustee is seeking an order directing the debtor to turn over the Property pursuant to
2  Section 542(a) of the Bankruptcy Code. That section states in pertinent part as follows:

> "An entity . . . in possession, custody or control, during the case, of property that the trustee may use, sell or lease under Section 363 of this title, . . . shall deliver to the trustee, and account for, such property or the value of such property, unless the property is of inconsequential value or benefit to the estate."

6  To prevail in a turnover action under Section 542(a), a trustee must establish:

> (1) that property of the estate is, or was, in the possession, custody, or control of an entity during the pendency of the case;
>
> (2) that the property may be used by the trustee under Section 363; and
>
> (3) that the property has more than inconsequential value or benefit to the estate.

*In re Chantel*, 2015 Bankr. LEXIS 2174 (9th Cir. BAP 2015). *See, also, In re Bailey*, 380 B.R. 486, 492 (6th Cir. BAP 2008). The elements are easily met in this case. The Property is property of the estate and can be liquidated by the trustee. As the Property is the debtor's primary residence, the debtor is in possession and control of the Property. Finally, the schedules show that there is significant equity in the Property over and above the limited secured debt and, therefore, the Property not of inconsequential value or benefit to the estate. In fact, there may be sufficient value in the Property to pay the creditors in full. The debtor's failure to cooperate with the trustee is interfering with the trustee's ability to liquidate that asset for the benefit of creditors.

## III. CONCLUSION

The debtor filed a voluntary bankruptcy petition. Along with filing the petition comes certain responsibilities. Among those responsibilities is to cooperate with the trustee. The debtor's residence has significant value for the estate. There is potentially sufficient value to pay the creditors' claims in full. The trustee requests entry of an order directing the debtor to turn over the Property.

**TRUSTEE'S MOTION FOR AN ORDER DIRECTING DEBTOR TO TURN OVER PROPERTY OF THE ESTATE**
190314aMot Page 3

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 18-13383-CMA    Doc 65    Filed 03/15/19    Ent. 03/15/19 14:39:23    Pg. 3 of 4

1     WHEREFORE, the trustee prays for an order accordingly.

2     RESPECTFULLY SUBMITTED this 15th day of March, 2019.

                                      THE LIVESEY LAW FIRM

                                          /S/ *Rory C. Livesey*

                                  Rory C. Livesey, WSBA #17601
                                  Attorney for Trustee

**TRUSTEE'S MOTION FOR AN ORDER
DIRECTING DEBTOR TO TURN OVER
PROPERTY OF THE ESTATE**
190314aMot Page 4

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 18-13383-CMA    Doc 65    Filed 03/15/19    Ent. 03/15/19 14:39:23    Pg. 4 of 4