|  |  |
|---|---|
| Judge: | Honorable Christopher M. Alston |
| Chapter: | 7 |
| Hearing Location: | U.S. Courthouse Room 7206<br>700 Stewart Street<br>Seattle, WA 98101 |
| Hearing Date/Time: | This motion is not noted for hearing unless oral argument is requested by the court.<br>LBR 9013-1(h) |
| Response: | Respond only if a response is requested by the court.<br>LBR 9013-1(h) |

# UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re:<br><br>JACK CARLTON CRAMER JR.,<br><br>                Debtor. | **Case No. 18-13383**<br><br>DEBTOR'S DECLARATION IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ENTERED APRIL 9, 2019, DIRECTING DEBTOR TO TURN OVER PROPERTY OF THE ESTATE |

    Jack Carlton Cramer Jr., the debtor, makes the following statement under penalty of perjury:

    I make this declaration in support of my motion asking the court to reconsider the order entered on April 9, 2019, which provides as follows:

        ORDERED that the debtor, Jack C. Cramer, Jr., shall surrender custody and control of the residence to the trustee, Edmund J. Wood, and vacate the property within twenty-one (21) days of the date of this order.

        IT IS HEREBY FURTHER ORDERED that should the debtor fail to vacate the property timely, the trustee may request entry of an order directing the debtor to appear before this court and show cause why he should not be held in contempt or such other remedies that the court deems appropriate.

    I filed a voluntary Chapter 13 petition on August 29, 2018, to save his homestead located at 15605 - 63rd Ave. NE, Kenmore, WA 98028, from a Sheriff sale scheduled Friday, August 31 2018.

DEBTORS' DECLARATION IN SUPPORT OF MOTION FOR
RECONSIDERATION OF ORDER ENTERED APRIL 9, 2019
DIRECTING DEBTOR TO TURN OVER PROPERTY OF THE ESTATE  - Page 1 of 3

**HELMUT KAH,** Attorney at Law
20205 144th Ave NE, Suite 208
Woodinville, WA 98072-4451
206-234-7798
helmutkah@outlook.com
WSBA # 18541

Case 18-13383-CMA    Doc 74    Filed 04/23/19    Ent. 04/23/19 23:59:48    Pg. 1 of 7

The sheriff's sale was scheduled upon a money judgment of creditor 21st Mortgage Corporation, Inc., that was entered on July 14, 2016, in King County Superior Court case no. 15-2-21512-4 SEA.

I am over 70 years of age and currently employed as a tow truck driver by All Star Towing LLC, PO Box 33157, Seattle, WA 98133.

As the August 31, 2018, date for the sheriff's sale of my homestead was approaching, I was seeking legal counsel to assist me with an appropriate bankruptcy filing. I was discussing the situation at work when one of my co-workers, Robert Joseph Penfield, said he could help me with a bankruptcy filing and assured me that I will not lose my home, and the fees quoted for representation by an attorney were too high.

Based on Mr. Penfield's statements and assurances, I hired him to assist me with the bankruptcy case and to guide me as it progressed through the court, including whether and how to respond to papers received from the court, from the trustee, and whether to attend court hearings and the several scheduled meetings of creditors. Mr. Penfield said he used to be a lawyer. He has prepared all the papers filed to date on my behalf in this bankruptcy case.

When I received the court's order entered April 9, 2019, I was of course seriously alarmed and discussed to with Mr. Penfield. He told me not to worry about it, that I would not lose my home and that I can appeal.

I decided to contact my former lawyer, Helmut Kah, to discuss this situation. I now understand that just about everything Mr. Penfield has been telling me I should do in this bankruptcy case was incorrect.

Mr. Kah looked up Mr. Penfield's status on the Washington State Bar Association web site and found that he resigned in lieu of discipline effective 01/14/2014. A copy of the his WSBA Legal Directory Profile is attached to this declaration.

DEBTORS' DECLARATION IN SUPPORT OF MOTION FOR
RECONSIDERATION OF ORDER ENTERED APRIL 9, 2019
DIRECTING DEBTOR TO TURN OVER PROPERTY OF THE ESTATE - Page 2 of 3

**HELMUT KAH,** Attorney at Law
20205 144th Ave NE, Suite 208
Woodinville, WA 98072-4451
206-234-7798
helmutkah@outlook.com
WSBA # 18541

Case 18-13383-CMA    Doc 74    Filed 04/23/19    Ent. 04/23/19 23:59:48    Pg. 2 of 7

I have paid Mr. Penfield approximately $3,000.00 for services rendered in this bankruptcy case.

I understand now that Mr. Penfield's role as a "bankruptcy petition preparer" was supposed to have been disclosed on the last page of my voluntary petition in this case and that Mr. Penfield was supposed to file form B 119 Bankruptcy Petition Preparer's Notice, Declaration and Signature. He apparently did not file such a form or disclose the fees he was charging me.

My homestead real property has a valuation ranging from $563,000 (King County Assessor's valuation), $694,3232 (Redfin.com valuation), and $731,741 (Zillow.com valuation).

I have been preliminarily approved for a reverse mortgage on my homestead residence at 15605 63rd Ave NE, Kenmore, WA for an initial loan amount of $200,000. This amount substantially exceeds the sum of the unsecured and secured claims filed in this chapter 7 case. Please see the attached prequalification letter dated April 17, 2019 from John Murphey MLO #8207, Pacific One Mortgage.

Based on the claims that have been filed and allowed, a reverse mortgage will pay all creditors' claims in in this chapter 7 case in full together with the trustee's fee and the trustee's attorney's fee.

Being evicted from my home for more than twenty years would be a substantial and costly hardship upon me. Since the reverse mortgage will pay all claims in full, I ask the court to reconsider and set aside the order entered on April 9, 2019, and allow the reverse mortgage process to move to completion.

**DATED** this 23rd day of April, 2019.

/s/ Jack Carl,ton Cramner Jr.
Jack Carlton Cramer Jr.
Debtor

DEBTORS' DECLARATION IN SUPPORT OF MOTION FOR
RECONSIDERATION OF ORDER ENTERED APRIL 9, 2019
DIRECTING DEBTOR TO TURN OVER PROPERTY OF THE ESTATE - Page 3 of 3

**HELMUT KAH,** Attorney at Law
20205 144th Ave NE, Suite 208
Woodinville, WA 98072-4451
206-234-7798
helmutkah@outlook.com
WSBA # 18541

Case 18-13383-CMA    Doc 74    Filed 04/23/19    Ent. 04/23/19 23:59:48    Pg. 3 of 7

# Robert Joseph Penfield

**License Number:** 25081
**License Type:** Lawyer
**Eligible To Practice:** No
**License Status:** Resigned in Lieu of Discipline
**WSBA Admit Date:** 10/19/1995

## Contact Information

| | |
|---|---|
| **Public/Mailing Address:** | 11661 SE 1st St Ste 200<br>Bellevue, WA 98005-3526<br>United States |
| **Email:** | Robert@PenfieldLegal.com |
| **Phone:** | (425) 443-0277 |
| **Fax:** | (425) 650-6912 |
| **Website:** | |
| **TDD:** | |

## Practice Information Identified by Legal Professional

**Firm or Employer:**
**Office Type and Size:** Not Specified
**Practice Areas:** None Specified
**Languages Other Than English:** None Specified

## Professional Liability Insurance

**Private Practice:** Yes
**Has Insurance?** No - Click for more info
**Last Updated:** 4/18/2013 7:00:00 AM

## Committees

**Member of these committees/boards/panels:**

None

## Disciplinary History

| Action | Effective Date |
|---|---|
| Resignation in Lieu of Discipline | 01/14/2014 |

*In some cases, discipline search results will not reveal all disciplinary action relating to a Washington licensed legal professional, and may not display links to the official decision documents.*

# Discipline Notice - Robert Penfield

| | |
|---|---|
| **License Number:** | 25081 |
| **Member Name:** | Robert Penfield |

## Discipline Detail

| | |
|---|---|
| **Action:** | Resignation in Lieu of Discipline |
| **Effective Date:** | 1/14/2014 |
| **RPC:** | 1.15A - Safeguarding Property<br>1.16 - Declining or Terminating Representation<br>1.3 - Diligence<br>1.4 - Communication<br>1.5 - Fees<br>5.3 - Responsibilities Regarding Nonlawyer Assistants<br>8.4 - Misconduct |
| **Discipline Notice:** | [Affidavit of Robert Joseph Penfield Resigning from Membership in Washington State Bar Association (ELC 9.3(b))](#) |
| **Description:** | Robert Joseph Penfield (WSBA No. 25081, admitted 1995), of Bellevue, resigned in lieu of discipline, effective 01/14/2014. The lawyer agrees that he/she is aware of the alleged misconduct in disciplinary counsel's Statement of Alleged Misconduct and rather than defend against the allegations, he wishes to permanently resign from membership in the Association. The Statement of Alleged Misconduct reflects the following violations of the Rules of Professional Conduct: 1.3 (Diligence), 1.4 (Communication), 1.5 (Fees), 1.15A (Safeguarding Property), 1.16 (Declining or Terminating Representation), 5.3 (Responsibilities Regarding Nonlawyer Assistants), 8.4 (Misconduct). Debra Slater acted as disciplinary counsel. Robert Joseph Penfield represented himself. Scott M. Ellerby was the hearing officer. The online version of NWLawyer contains a link to the following document: Affidavit of Robert Joseph Penfield Resigning from Membership in Washington State Bar Association (ELC 9.3(b)). |

*In some cases, discipline search results will not reveal all disciplinary action relating to a Washington licensed legal professional, and may not display links to the official decision documents.*



# Pacific One Mortgage, Inc.
*powered by Bay Equity NW*
*Serving Washington and Hawaii*

## *PreQualification* for **Jack Cramer**

Date: April 17th, 2019

To Whom It May Concern:

We are pleased to inform you that Jack Cramer has made loan application and has been **prequalified** to do a Reverse Mortgage on his residence located at **15605 63rd Ave. NE, Kenmore, WA** for an initial loan amount of **$200,000** with a Line of Credit component of the loan available in addition to that initial draw amount.

**Jack has completed the required counseling required for Reverse Mortgages; we have received his credit report and income documentation and we are proceeding forward with his loan.**

Final loan approval depends upon the complete loan package including but not limited to satisfactory appraisal and title information, final verification of all needed information, and final underwriting by the loan underwriter.

Please direct any questions to John Murphy at Pacific One Mortgage, Inc. Cell 206-499-5626. Regards,

John Murphy MLO #8207
john@pacificonemortgage.com
2730 172nd St NE, Suite 202
Marysville, WA 98271

Pacific One Mortgage powered by Bay Equity NW
66-632 Kamehameha Highway, Loft 4
Haleiwa, HI 96712

| Pacific One Mortgage, Inc. | | Phone | 360-355-8855 |
|---|---|---|---|
| 2730 172nd Street NE, Suite 202 | | Direct | 206-499-5626 |
| Marysville, WA 98271 | www.pacificonemortgage.com | | |

# Certificate of HECM Counseling

**U.S. Department of Housing and Urban Development**
Office of Housing

Certificate Number: 186319413
OMB No. 2502-0524 (expires 4/30/2017)

Provision of this information is required to obtain mortgage financing. HUD may not collect this information, and you are not required to complete this form, unless the form has a currently valid OMB control number.

**Privacy Act Notice:** The United States Department of Housing and Urban Development, Federal Housing Administration, is authorized to solicit the information requested in the form by virtue of Title 12, United States Code, Section 1701 et seq., and regulations promulgated at Title 24, Code of Federal Regulations. While no assurance of confidentiality is pledged to respondents, HUD generally discloses this data only in response to a Freedom of Information Act request.

**Homeowner(s) Name(s):** JACK C CRAMER

**Power of Attorney (if present):**

**Non-Borrower spouse (if applicable):**

**Current Property Address City/State/Zip of collateral securing the HECM if known at the time of counseling:**
15605 63RD AVE NE, KENMORE, WA 98028

The U. S. Department of Housing and Urban Development (HUD) requires that homeowner(s) and if applicable, non-borrower spouse interested in pursuing a Home Equity Conversion Mortgage (HECM) receive information about the implications of and alternatives to a reverse mortgage. The HECM counselor must adhere to all of HUD's guidelines and protocol regarding information that must be provided to the potential HECM mortgagor and must tailor the session to address the unique financial circumstances of the household being counseled.

**Counselor Certification:**
In accordance with Section 255 of the National Housing Act and 24CFR 206.41, I have discussed in detail the following items with the above referenced homeowner(s) and other participants

1. Options other than a HECM that are available to the homeowner(s), including other housing, social service, health and financial options.
2. Other home equity conversion options that are or may become available to the homeowner(s), such as other reverse mortgages, HECM for Purchase, HECM Saver, sale-leaseback financing, deferred payment loans, and property tax deferral.
3. The financial implications of entering into a HECM.
4. A disclosure that a HECM may have tax consequences, affect eligibility for assistance under Federal and State programs, and have an impact on the estate and heirs of the homeowner(s).
5. Whether the homeowner has signed a contract or agreement with an estate planning service firm that requires, or purports to require, the mortgagor to pay a fee on or after closing that may exceed amounts permitted by the Secretary or in Part 206 of the HUD regulations at 24 CFR.
6. If such a contract has been signed, the extent to which services under the contract may not be needed or may be available at nominal or no cost from other sources, including the mortgagee.
7. The HECM will be due and payable when no remaining borrower and if applicable, non-borrower spouse lives in the mortgaged property, or when any other covenants of the mortgage have been violated. The non-borrower spouse has been advised of implications and consequences of requirements to adhere to all items of the HECM loan if the surviving non-borrower spouse choosing to remain in the property encumbered by a HECM mortgage (Borrowers are those parties who have signed the Note and Mortgage or Deed of Trust.)

I hereby certify that the homeowner(s) as well as other participants required to be counseled listed above have received counseling according to the requirements of this certificate and the standards of HUD, as described in mortgagee letters, handbooks, protocols, regulations, and statute. In states that require face to face counseling or a waiver from the homeowner declining such the homeowner(s) signature below acknowledges said waiver provisions. This interview was held **via Telephone** and the amount of time required to cover the above items was as follows: **100** minutes. This certificate was not prepared before the counseling session occurred.

| Counselor's Name (Printed): | HUD-Approved Counseling Agency Name: |
|---|---|
| BRENDA L GRAUER | HOUSING OPTIONS PROVIDED FOR THE ELDERLY |
| Counselor Name (Signature & Date): Counseled by Brenda Grauer, signed by Director Buz Zeman in Brenda's absence  x Buz Zeman 10/29/18 | Address (Street/City/State/Zip): 7300 DARTMOUTH AVE STE 100 UNIVERSITY CITY, MO 63130 |
| | Telephone No: 314-776-0155 |
| | Agency Housing Counseling System ID: 80342 |

**HomeOwner and/or Non-Borrower Spouse Certification:** I/we hereby certify that I/we have discussed the financial implications of and alternatives to a HECM with the above Counselor. I/we understand the advantages and disadvantages of a HECM and each type of payment plan, as well as the costs of a HECM and when the HECM will become due and payable. If applicable, this also certifies that I/We have been advised of the implications for Non-Borrower spouses. This information may further help me/us to make more informed decisions about whether I/we want to proceed with obtaining a HECM. I/we understand that I/we may be charged a counseling fee that may be paid upfront to the counseling agency or if I decide to proceed with a HECM loan, financed into the mortgage and payment under any of these methods will be reflected in the 800 series on the HUD-1 settlement statement in accordance with the Real Estate Settlement Procedure regulations at 24 CFR part 3500 (see 24 CFR 3500.8).

**HECM for Purchase Certification:** I/we hereby certify that I/we have been informed the HECM for Purchase program requires a significant monetary investment which will be applied to satisfy the difference between the HECM principal limit and the sales price of the property, plus any HECM loan related fees that are not financed in the loan, minus the amount of earnest deposit. I/we further understand that these funds must come from cash on hand or cash from the sale or liquidation of my/our assets and that the lender will verify the source of the monetary investment.

**Homeowner Signature & Date:** x Jack C Cramer Jr. 4/23/2019

**Homeowner Signature & Date:**

**Non-Borrower Spouse Signature and Date (if applicable):**

**POA/Guardian Signature & Date:**

(All homeowners shown on the deed must sign the mortgage and this counseling certificate.)

| Upfront Fee for Counseling Session: | $150.00 | Financed Fee for Counseling Session: | Not Entered | Fees not waived |
|---|---|---|---|---|
| Date Counseling Completed: | 10/29/2018 | Certificate Expiration Date: | 04/27/2019 (180 days from date HECM counseling completed) | |

form HUD-92902 (8/2011)