Below is the Order of the Court.

**Christopher M. Alston**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

Christopher M. Alston
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Suite 6301
Seattle, WA 98101
206-370-5330

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Chapter 7 |
| Jack Carlton Cramer, Jr., | Case No. 18-13383 |
| | ORDER DENYING MOTION FOR RECONSIDERATION |
| Debtor. | |

This matter came before the Court on the Debtor's Motion for Reconsideration of Order Entered April 9, 2019, Directing Debtor to Turn Over Property of the Estate (the "Motion") (ECF No. 73). The Court entered the Order Directing Debtor to Turn Over Property of the Estate (the "Order") (ECF No. 70) on April 9, 2019. The Debtor filed the Motion on April 23, 2019. In the Motion, the Debtor explains that he requests reconsideration of the Order because he received legal advice in this bankruptcy from an individual who resigned his law license in

Order - 1

lieu of disbarment. He also asserts that he has been pre-approved for a reverse mortgage, which will pay creditors in full.

Motions for reconsideration are disfavored and are usually to be denied without a showing of either manifest error or of new facts or law that could not have previously been brought before the court with reasonable diligence. Local Civil Rule 7(h), applicable through Local Bankruptcy Rule 9013-1(h).

The Debtor has not shown manifest error or new facts or law that would have altered the Court's ruling. 11 U.S.C. § 521(a)(4) states that "[t]he debtor shall . . . if a trustee is serving in the case . . . surrender to the trustee all property of the estate . . ." Section 521(a)(4) strictly requires a debtor to surrender property of the estate to a case trustee; it includes no defenses for a debtor who seeks to retain such property. While the Court is sympathetic to the Debtor's situation and deeply concerned by the allegations regarding his former petition preparer, the Debtor's new facts do not alter his obligations under section 521(a)(4). Therefore, it is hereby

ORDERED that the Debtor's Motion is DENIED.

/// END OF ORDER ///

Order - 2