Honorable Christopher M. Alston
April 24, 2020; 9:30 a.m.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | Chapter 7 |
| | Bankruptcy No. 18-13383 |
| JACK CARLTON CRAMER JR., | |
| | TRUSTEE'S RESPONSE TO MOTION |
| Debtor(s). | TO CONVERT CASE FROM CHAPTER |
| | 7 TO CHAPTER 13 |

COMES NOW the duly appointed trustee, Edmund J. Wood, through counsel, The Livesey Law Firm, and Rory C. Livesey, and files this response to the Motion to Convert Case from Chapter 7 to Chapter 13 filed by the debtor, Jack Carlton Cramer, Jr.

This case had something of an unusual history. It also has the unique element of being a solvent estate. Pending before the court is the debtor's motion to reconvert the case to a Chapter 13 so that he can pursue a reverse mortgage against his residence, the sole asset of the estate, that should pay the creditors in full. Also pending on the same date is the trustee's motion for an order authorizing the sale of the property. The sale, if approved, should also pay all of the creditors' claims in full with a surplus going back to the debtor.

The debtor filed his original *pro se* Chapter 13 proceeding on August 29, 2018. From the date of the initial filing the debtor's stated intention was to obtain a reverse mortgage against his residence with sufficient proceeds to pay his creditors in full. Not surprisingly, in the *pro se* Chapter 13, on the motion of the Chapter 13 trustee, the case converted to a Chapter 7 proceeding on December 17, 2018. (*See* Docket Nos. 27 and 38.) With some resistance from the debtor the trustee was able to market the property and secure the pending offer. The trustee's proposed sale is for

**TRUSTEE'S RESPONSE TO MOTION TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 13 -** 200406cRes   Page 1

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 18-13383-CMA    Doc 135    Filed 04/17/20    Ent. 04/17/20 13:29:18    Pg. 1 of 3

$606,000. A sale at that price should pay the undisputed secured claims, the debtor's homestead, the unsecured claims and the administrative expenses.

About four months after conversion to a Chapter 7 the debtor secured the services of an attorney. Unfortunately that attorney retired for health reasons. The debtor now has a new attorney who has been representing the debtor since October of 2019. Since then the debtor has been unquestionably working towards the reverse mortgage. However, at this point in seems uncertain when he could complete the process.

The situation puts the trustee in something of a unique position. He does not strongly oppose the debtor's efforts to seek a reverse mortgage and has given him time to try to get it. However, the decision to reconvert has to be viewed in context. The debtor wants to keep the house. Presumably that was the purpose of the original Chapter 13. Without counsel, he did not survive a Chapter 13 proceeding for very long. However, now he has been in a Chapter 7 for nearly 16 months. While the debtor was working on the reverse mortgage, the trustee received an offer to purchase the property that will pay the creditors in full.

The debtor bases his motion to reconvert back to a Chapter 13 on Section 706(c) of the Bankruptcy Code. Although the preference is to allow debtors to repay their debts, there is some question as to whether a previously converted case can be converted a second time. *See, In re Yao*, 548 B.R. 818, 821 (Bkrtcy. N.M. 2016) (and the cases cited therein). Admittedly, this case is a little different than the cases cited in *Yao* in that the debtor here did not voluntarily convert his Chapter 13 to a Chapter 7. Assuming the court has the ability to reconvert, before doing so it should scrutinize the debtor's circumstances and his ability to succeed in the new Chapter 13. *In re Anderson*, 354 B.R. 766, 769 (Bkrtcy. S. Car. 2006). The court should weigh the interests of the debtor, the estate and all of the creditors. *Id.* In this case, both alternatives would likely lead to payment of the creditors in full. The only significant difference is the speed with which the case can close.

**TRUSTEE'S RESPONSE TO MOTION TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 13 -** 200406cRes   Page 2

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 18-13383-CMA    Doc 135    Filed 04/17/20    Ent. 04/17/20 13:29:18    Pg. 2 of 3

1    There is another issue that should be considered. The debtor has received a Chapter 7
2 discharge on October 17, 2019 (Docket No. 83). With the exception of some of the IRS debt, the
3 debtor has no unsecured debt to repay with the reverse mortgage. *See In re Santos,* 561 B.R. 825
4 (Bkrtcy. C.D. Cal. 2017). The question then becomes whether the conversion is in the best interest
5 of the creditors.

6    RESPECTFULLY SUBMITTED this 17th day of April, 2020.

7              THE LIVESEY LAW FIRM

8

               /S/ *Rory C. Livesey*
9             _____
               Rory C. Livesey, WSBA #17601
10             Attorney for Edmund J. Wood, Trustee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**TRUSTEE'S RESPONSE TO MOTION TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 13 -** 200406cRes Page 3

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 18-13383-CMA  Doc 135  Filed 04/17/20  Ent. 04/17/20 13:29:18  Pg. 3 of 3