Honorable Christopher M. Alston
Hearing date: August 28, 2020; 9:30 a.m.
Hearing Place: **Telephonic Hearing**
Responses due by: August 21, 2020; by 4:30 p.m.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re: ) Chapter 7
) Bankruptcy No. 18-13383
JACK CARLTON CRAMER JR., )
) TRUSTEE'S MOTION FOR AN ORDER
      Debtor(s). ) APPROVING COMPROMISE OF
) CLAIM

      COMES NOW the trustee, Edmund J. Wood, through counsel The Livesey Law Firm, and Rory C. Livesey, and moves this court for an order approving the trustee's compromise of a claim.

      The details of the compromise can be summarized as follows:

      The debtor filed a Chapter 13 petition on August 29, 2018. He was not represented by counsel. The case converted to a Chapter 7 on December 17, 2018. The debtor has since retained counsel. The sole asset of this estate is the debtor's residence located at 15605 - 63rd Avenue N.E., Kenmore, Washington 98028. The house has substantial equity. The debtor's stated intention from the very beginning of the case has been to refinance the property and secure a reverse mortgage in an amount sufficient to pay all of the undisputed creditor claims in full. The debtor worked to secure the reverse mortgage even prior to the employment of his current counsel, but little progress was made. Uncertain that the debtor would be able to get the reverse mortgage, the trustee began marketing the property. The trustee secured an offer for the property. He noted up the motion for court approval of the sale. The sale price was $606,000. A sale at that price would pay the creditors in full with a sizable payment of surplus funds to the debtor at the conclusion of the case. In the meantime, the debtor made progress in securing the reverse mortgage. The debtor objected to the

**TRUSTEE'S MOTION FOR AN ORDER
APPROVING COMPROMISE OF CLAIM**
200804aMot    Page 1

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

1  proposed sale and filed a motion to convert the Chapter 7 proceeding back to a Chapter 13 so that
2  he could complete his refinance. The court approved the sale of the residence and denied the
3  debtor's motion to reconvert to a Chapter 13. The debtor appealed both orders, the appeals were
4  consolidated, and the matter is now before the United States District Court.

5  In the meantime, the debtor has received approval for a reverse mortgage from a lender.
6  Pending approval by the bankruptcy court, the trustee and the debtor have entered into an agreement.
7  Generally, under the terms of the agreement, creditors with allowed claims will be paid by escrow
8  from the proceeds of the debtor's reverse mortgage. The creditors will also receive interest at the
9  federal rate from the date of filing as prescribed by the Bankruptcy Code. In addition to the
10 ordinary transaction costs, the closing agent will pay the creditors of the estate as follows:

| Claim No. | Creditor | Allowed Claim Amount |
|---|---|---|
| 1 | Credit Acceptance (disallowed per 7/13/20 order) | $ 0.00 |
| 2 | Cavalry SPV 1, LLC | $ 11,142.27 |
| 3 | Premier Bank Card, LLC | $ 432.44 |
| 4 | 21st Mortgage Corporation | $ 47,766.45* |
| 5 | Internal Revenue Service | $ 76,290.07* |
| 6 | Midland Funding, LLC | $ 966.14 |
| 7 | BECU (claim withdrawn) | $ 0.00 |
| 8 | Evergreen Health | $ 2,055.87 |
| 9 | King County Treasury Operations | $ 35,982.55* |
| 10 | Puget Sound Energy | $ 1,688.47 |
| 11 | BECU | $ 654.33 |
| 12 | King County Superior Court | $ 8,393.33 |
|  | TOTAL | $ 185,371.92 |

20  *These payoffs differ from the creditors' proofs of claim. These are updated payoffs
    provided by the creditors, which have filed secured claims. They also will not
21  receive post-petition interest.

22  The debtor disputes the claim of 21st Mortgage Corporation. The debtor has filed Adversary
23  Proceeding No. 20-01047 against 21st Mortgage Corporation which may affect its claim. Sufficient
24  funds to pay the 21st Mortgage Corporation claim will be held by escrow until the issues are
25  resolved.

**TRUSTEE'S MOTION FOR AN ORDER**
**APPROVING COMPROMISE OF CLAIM**
200804aMot   Page 2

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 18-13383-CMA    Doc 205    Filed 08/07/20    Ent. 08/07/20 10:08:56    Pg. 2 of 4

Additionally, the estate will receive from closing $50,000 in complete satisfaction of the administrative claims of the estate, which is less than the current administrative expenses and certainly less than the expected expenses should the trustee ultimately sell the property. Those funds will be paid out after the final hearing pursuant to separate order of the court. The parties will dismiss the pending appeal. The trustee will deposit a notice of abandonment with the escrow agent which will be recorded as part of the closing of the reverse mortgage. It will have the effect of removing the residence from the estate. The trustee believes this settlement is in the best interest of the estate.

The court considers four factors in deciding to approve a settlement. They are (a) the probability of success in resolving the claim; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of resolving the claim and the expense, inconvenience and delay involved; and, (d) the paramount interest of the creditors.

This is not a typical settlement in that the creditors will be paid in full whether the property is sold or if the debtor concludes his refinance of the property. The trustee is agreeing to allow the debtor to proceed with the reverse mortgage. The only matter really being compromised is the outstanding administrative expenses. Therefore, the above factors are difficult to apply. Collection was not really a factor in the trustee's decision. The probability of success and the complexity of resolving the claim mostly involve the pending appeal. The appeal generally deals with the debtor's right to convert to a Chapter 13 from a Chapter 7 after a case has already been in a Chapter 13. Other issues revolve around the trustee's duty to a debtor in the case of a solvent estate. These issues are broad and the case law is not well developed. The outcome is uncertain. The crucial factor in the trustee's agreement is the paramount interest of creditors. The trustee's sale has been stayed pending the appeal. The original purchasers have rescinded their offer. The appeal could take several months to finalize and, if the result is favorable, the trustee would again have to market the property. By this agreement, it is hoped that the creditors could be paid in full, plus interest at the federal rate, within sixty days of court approval of the agreement.

**TRUSTEE'S MOTION FOR AN ORDER
APPROVING COMPROMISE OF CLAIM**
200804aMot   Page 3

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 18-13383-CMA    Doc 205    Filed 08/07/20    Ent. 08/07/20 10:08:56    Pg. 3 of 4

1  WHEREFORE, the trustee prays for an order approving the compromise with the debtor.

2  RESPECTFULLY SUBMITTED this 7th day of August, 2020.

3  THE LIVESEY LAW FIRM

/S/ *Rory C. Livesey*
_____
Rory C. Livesey, WSBA #17601
Attorney for Edmund J. Wood, Trustee

**TRUSTEE'S MOTION FOR AN ORDER
APPROVING COMPROMISE OF CLAIM**
200804aMot   Page 4

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 18-13383-CMA    Doc 205    Filed 08/07/20    Ent. 08/07/20 10:08:56    Pg. 4 of 4